IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO ANTONIO SERRANO,** | : | CIVIL ACTION NO. 3:23-CV-973 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN BARRAZA,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Marco Antonio Serrano, argues that the United States Bureau of Prisons ("BOP") has improperly denied him presentence credit towards his sentence. The petition will be dismissed for failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Serrano, an inmate in Allenwood Federal Correctional Institution ("FCI-Allenwood"), is serving a 151-month sentence of imprisonment imposed by the United States District Court for the Northern District of Ohio for possession with intent to distribute a controlled substance. (Doc. 8-1 at 3). The BOP has calculated his anticipated release date as May 7, 2029. (Id.)

Serrano has filed multiple administrative remedy requests with the BOP seeking credit for time served prior to his sentence, none of which have been

appealed through all stages of the BOP's administrative appeal process.[1] (See Doc. 8-1 at 4, 15, 19, 20, 21). The first administrative remedy request, No. 1117809, was filed on May 9, 2022. (Id. at 15). The request was denied, and Serrano did not appeal through all stages of administrative review. (Id. at 4, 15). The second request, No. 1149897, was rejected on procedural grounds on February 1, 2023, because Serrano did not sign the request and did not state what relief he was seeking. (Id. at 4, 19). Serrano corrected these errors and resubmitted the request on February 23, 2023, and the warden denied the grievance on February 28, 2023. (Id. at 4, 20). Serrano attempted to appeal to the BOP's regional office, but his appeal was rejected as untimely. (Id. at 4, 21; Doc. 1-5 at 9). The only administrative remedy request that Serrano has appealed through all stages of the BOP's administrative appeal process pertained to an alleged denial of medical care and retaliation and did not pertain to his request for presentence credit. (Doc. 8-1 at 4).

      Serrano filed this case on June 13, 2023, arguing that the BOP has improperly denied him presentence credit towards his sentence. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on August 2, 2023, arguing that it should be dismissed for failure to exhaust administrative remedies, or, alternatively, that it should be denied on its merits. (Doc. 8).  Serrano has not filed a reply brief or

---

[1] Factual background regarding Serrano's administrative remedy requests and related appeals is derived from respondent's brief and attached exhibits. Serrano has not attacked the authenticity or veracity of respondent's exhibits through a reply brief or any other document.

otherwise responded to respondent's factual contentions regarding Serrano's failure to exhausted administrative remedies. The case was reassigned to the undersigned on January 21, 2025, via a verbal order from Chief United States District Judge Matthew W. Brann.

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP's administrative remedy program allows federal prisoners to request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. Inmates are first directed to attempt informal resolution. Id. § 542.13. If informal resolution is unsuccessful, the inmate is directed to file an administrative remedy request. Id. § 542.14. The deadline to attempt informal resolution and to file an administrative remedy request is 20 days from the event that gives rise to the inmate's complaint. Id. Once an administrative remedy request is filed, the warden of the prison in which the inmate is incarcerated has 20 days to respond to the request. Id. § 542.18. If the inmate has not obtained relief from the warden, he may file an appeal to the regional director within 20 days of receiving

3

the warden's response. Id. § 542.15. The regional director must respond to the appeal within 30 days. Id. § 542.18. If the inmate has not obtained relief, he may file an appeal to the BOP's general counsel within 30 days of receiving the regional director's response. Id. § 542.15. The general counsel must respond within 40 days. Id. § 542.18. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). If the BOP fails to respond at any level of the process within the required time periods, "the inmate may consider the absence of a response to be a denial at that level." Id. § 542.18.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Serrano's petition should be dismissed for failure to exhaust administrative remedies because he did not appeal any grievance relating to the computation of his sentence through final review by the BOP's general counsel. (Doc. 8 at 5-10). Serrano has not responded to this argument, but his petition states in conclusory fashion that the BOP has "fail[ed] to let petitioner exhaust administrative remedies, as they have continue[d] to make petitioner refile his BP-8, 9, 10, etc." (Doc. 1 at 6). Serrano, however, has not provided any factual support for the contention that BOP officials are interfering with his ability to

4

complete the administrative remedy process, and the record shows that his administrative remedy requests and appeals were repeatedly rejected for his own failure to follow the BOP's procedural rules. (See Doc. 1-5; Doc. 8-1). BOP officials simply requiring Serrano to follow the rules of the BOP's administrative remedy process did not render the process unavailable to Serrano. Accordingly, his petition will be dismissed for failure to exhaust administrative remedies.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 27, 2025